UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE SPEARMAN, #158437,

        Plaintiff,

                                        File No. 1:09-CV-632

v.

                                        HON. ROBERT HOLMES BELL

CATHLEEN STODDARD, et al.,

        Defendants.
                                  /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 30, 2011, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff Maurice Spearman's claims for injunctive and declaratory relief be dismissed as moot, that Defendants' motion for summary judgment (Dkt. No. 13) be granted, and that a final judgment be entered in Defendants' favor on all of Plaintiff's claims for damages.  (Dkt. No. 26, R&R.)  Plaintiff filed objections to the R&R on April 14, 2011.  (Dkt. No. 27.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has raised numerous objections to the R&R, but none of his objections

suggest that the recommended disposition of Defendants' motion for summary judgment is erroneous. For example, Plaintiff objects to the R&R's failure to find that Defendant Keller mishandled Plaintiff's disbursement request and that this action caused Plaintiff's appeal to be delayed. The R&R did not have to make the requested finding because Plaintiff failed to show actual injury, which is an essential element for his access to courts claim. (*See* R&R 10.) Plaintiff's contention that he did suffer actual injury because an appeal to state court would have been futile lacks merit. The Appeals Division denied Plaintiff's appeal on the merits, rather than because it was untimely. Therefore, Plaintiff's contention that the state court would have been required to dismiss his appeal for failure to exhaust administrative remedies is legally incorrect.

Plaintiff objects to the finding that he failed to try to resolve his grievance with Stoddard. The R&R makes no such finding; the R&R simply described what findings were made during the grievance process. (*See* R&R 7.)

Plaintiff objects to the R&R's finding that his transfer to a lower security prison was not adverse action for purposes of his retaliation claim. Plaintiff contends that the transfer was adverse to him because it prevented him from working as a legal writer. Although the R&R indicated that a transfer to a lower security classification would not deter a person of ordinary firmness from engaging in protected speech, the R&R recommended that Defendant Stoddard be granted summary judgment on Plaintiff's retaliation claims because Plaintiff was unable to meet the causation element of his prima facie case, and because it was undisputed

that the same action would have been taken in the absence of protected activity. Plaintiff has not shown that these findings were incorrect. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 27) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 30, 2011, R&R (Dkt. No. 26) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims for injunctive and declaratory relief are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 13) is **GRANTED**.

Dated: September 8, 2011              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE